CAINES
v.
FISHER.

——◦: ✳ :◦——

*April 25.*    CORNELIA CAINES, *by her next friend*, GEORGE CAINES, *against*
FISHER & M'LACHLAN.

> If a defendant, after an appearance, will not answer, the bill will be taken
> *pro confesso.*   Where the bill is for relief only, and states sufficient ground,
> it is not necessary to prosecute a party to a contempt and sequestration, be-
> fore taking the bill, *pro confesso.*
>
> If, after appearance, no answer is put in, according to the rules of the court,
> the defendant will be ordered to file his answer by the first day of the next
> term, or that, on proof of service of the order, the bill will be taken *pro
> confesso.*

THIS was an application to the court, by petition, that
the commissions issued to take the answers of the defend-
ants, in *England*, be returned, in a short time, or that the
bill, as against them, be taken *pro confesso.*

The bill was filed on the 30th of *July*, 1808; an appear-
ance was entered by the two defendants, being aliens resident
abroad, on the 23d of *November*, 1808, by *Mulligan*, as
their solicitor. It was alleged that notice of this appearance
was served on the plaintiff's solicitor; but the knowledge
of the fact was denied.

On the 15th of *August*, 1809, an order was granted, that
the defendants appear and answer in nine months, or that
the bill be taken *pro confesso*, and that the order be pub-
lished *eight* weeks, in two gazettes. On the 29th of *Octo-
ber*, 1810, the order was made absolute. On the 6th of
*November*, 1810, on the petition of the solicitor of the de-
fendants, commissions were granted to take the answers of
the defendants, one of whom resided in *London*, and the

other in the island of *Bermuda*, and the commissions were ordered to be returned without delay.

On the 25th of *February*, 1811, the order of the 29th of *October*, 1810, for taking the bill *pro confesso*, was vacated for irregularity : and on the 26th of *August*, 1811, a motion of the plaintiffs, for vacating the two last orders, and for re-establishing the order of the 29th of *October*, 1810, was denied, with costs.

An appeal from the order was brought in *September*, 1811, but afterwards withdrawn.

On the 14th of *March* last, an order of this court was obtained, requiring the defendants to show cause (20 days after personal service of the order on their solicitor) why the order of the 25th of *February*, 1811, should not be set aside, and the original orders, thereby vacated, be restored.

*Henry*, for the defendants, showed cause.

*Caines*, contra.

THE CHANCELLOR. If the defendant, after appearance, will not answer, but stands out to a contempt, the bill will be taken *pro confesso*. This is the general rule and practice of the court; (1 *Harris. Ch. Pr.* 274—277.;) and it is essential to justice, for otherwise the plaintiff never could have the benefit of his suit ; and, as was observed in the case of *Hawkins* v. *Crook*, (2 *P. Wms.* 556.,) and afterwards by Lord *Hardwicke*, in *Davis* v. *Davis*, (2 *Atk.* 21.,) it is consonant to the rules and practice of courts of law. Lord *Hardwicke* was inclined to think, that after an insufficient, as well as after no answer, a bill might be taken *pro confesso*. There is no doubt of the existence and necessity of the practice, but the *English* course is to prosecute the party to a contempt and sequestration, before the bill is thus to be taken against him by default. I do not, however, perceive any good reason for going this length, before the rule for taking the bill *pro confesso* is granted. If an answer be essential,

1814.

CAINES
v.
FISHER.

as in bills for discovery, an answer must be compelled by the process for contempt; but there is no need of this when the bill is for relief, and states sufficient ground. All that is wanting is the admission of the facts ; and if the defendant has appeared, and will not answer, he ought to be concluded in the same manner as he is by a neglect to plead to a declaration at law. The authority of this court to prescribe rules for taking bills *pro confesso*, or to entitle the party to a decree or order by default, is expressly recognised by the statute of 1813, (1 *N. R. L.* 491.)

In the present case the defendants have had very great indulgence. The bill was filed, and an appearance entered, in 1808, and to this day the plaintiff has been striving to obtain an answer, or for a decree. Any further delay, without some good cause, cannot be permitted. The court has competent power to bring this case to a hearing, and from the authorities referred to, and from the reason of the thing, especially as the defendants are not within the power of the court, I think the proper course would be to take the bill *pro confesso.* There is no reasonable excuse for this delay. A commission to take the answer of the defendants was awarded in 1810 : one of them resides in *Bermuda*, and the other in *England.* We cannot listen to the suggestion that war intervened twenty months afterwards ; and this is the only excuse offered.

I shall, therefore, adopt a rule for this case, and which I mean to apply hereafter to other cases of appearance and no answer ; that the defendants file their answer by the first day of the next term, or, on proof of the due service of this rule, the bill will be taken *pro confesso.*

Rule accordingly.